**BANK OF TEXAS, Appellant,**

v.

**John CHILDS, et al., Appellees.**

**No. 05–82–00098 CV.**

Court of Appeals of Texas, Dallas.

March 1, 1982.

Rehearing Denied April 2, 1982.

Peter S. Chantilis, Cecilia Hufstedler Morgan, Dallas, for appellant.

Earl Luna, Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and TED Z. ROBERTSON, JJ.

GUITTARD, Chief Justice.

In this suit to restrain collection of ad valorem taxes, we have heretofore affirmed the judgment of the trial court against plaintiff taxpayers. *Bank of Texas v. Childs*, 615 S.W.2d 810 (Tex.App.–Dallas 1981, writ ref'd n.r.e.). The Supreme Court of Texas denied plaintiff's application for writ of error. Normally, the next step is issuance of our mandate under Rule 507 of the Texas Rules of Civil Procedure. Plaintiffs, however, propose to file a petition for certiorari in the Supreme Court of the United States. They now apply to this court for a stay of our mandate and for an injunction restraining defendant Childs and the other county officials from attempting to collect the taxes in question pending a decision by the Supreme Court. Similar relief was granted when the appeal was first filed in this court, and also by the Supreme Court of Texas pending its decision on the application for writ of error. We hold that plaintiffs are now entitled to further injunctive relief under Article 1823 of the Texas Revised Civil States, which authorizes courts of appeals to issue writs "necessary to enforce the jurisdiction of said Courts."

Defendants contend that the relief sought would not enforce our jurisdiction, but would, instead thwart our judgment. Defendants insist that plaintiffs' only proper remedy is to apply to a Justice of the Supreme Court of the United States for a stay under 28 U.S.C. Sec. 2101(f). We do not agree.

In their appeal to this court, plaintiffs presented substantial questions of federal statutory and constitutional law. Although their arguments did not persuade us or the Supreme Court of Texas, the Supreme Court of the United States may take a different view. Reversal of our judgment would affect our authority to issue a mandate and might require us to issue a mandate different from one based on our present judgment. Proceedings to collect taxes in accordance with our judgment would result in a multiplicity of litigation, such as that which we were concerned to prevent when we granted injunctive relief on filing of this appeal. In order to avoid such multiplicity and to make sure that the mandate which we ultimately issue will be fully effective, we grant the relief sought.

This matter is not one that affects only the potential jurisdiction of this court. The cause is now pending here and will remain here until our mandate is issued, unless the Supreme Court of the United States grants certiorari. Consequently, we have the responsibility to determine whether our judgment shall be enforced pending the decision by that Court.

Accordingly, our clerk is directed not to issue our mandate and defendants John Childs and other officials of Dallas County are restrained from proceedings to collect the taxes involved in this suit until a writ of certiorari is granted or denied by the Supreme Court of the United States, or until the time for filing a petition for certiorari expires without the filing of such a petition. We assume, however, that defendants will comply with this order without actual issuance and service of a formal writ of injunction. Consequently, the clerk is directed to issue the writ only if defendants fail to comply with this order.