

# The Attorney General of Texas

October 26, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Margaret Moore
Travis County Attorney
P. O. Box 1748
Austin, Texas    78767

Opinion No. JM-222

Re:    Whether article 4413(29bb)
requires unarmed security per-
sonnel who are employees of
individual retailers to register
with the Texas Board of Private
Investigators and Private Security
Agents

Dear Ms. Moore:

You ask whether article 4413(29bb), V.T.C.S., requires unarmed security personnel who are employees of individual retailers to register with the Texas Board of Private Investigators and Private Security Agents. It is our opinion that registration is not required for such unarmed security personnel when they are employed exclusively and regularly by one employer in connection with the affairs of only that employer and the relationship of the retailer and the security personnel is that of an employer and employee.

Prior to the enactment of chapter 523, Sixty-eighth Legislature, article 4413(29bb) required only employees of the licensees under that act who were employed as private investigators, managers, or branch managers to register with the Board of Private Investigators and Private Security Agents. Section 32(a), as amended by Acts 1983, Sixty-eighth Legislature, chapter 523, page 3047, now provides the following:

> (a) An individual who is employed as a private investigator, manager, branch office manager, alarm systems installer, noncommissioned private security officer, or private security consultant must register with the board within 10 days after the commencement of such employment.

"Noncommissioned private security officer" is not defined but we believe that unarmed security personnel are included in that category. However, section 3(a) of the act excludes numerous persons from _all_ provisions of the act. Section 3(a)(1) provides that:

> (a) This Act does not apply to:
>
> (1) a person employed exclusively and regularly by one employer in connection with the affairs of an employer only and where there exists an employer-employee relationship; provided, however, any person who shall carry a firearm in the course of his employment shall be required to obtain a private security officer commission under the provisions of this Act.

Section 3(a)(1) has not been expressly repealed by the legislature. Although it was re-enacted by both chapter 654 and chapter 969 of the Sixty-eighth Legislature, it has remained unchanged in substance since the original enactment of article 4413(29bb) in 1969. It is well established that a provision which is not expressly repealed may be repealed by implication to the extent of a conflict by a subsequent enactment that clearly conflicts in such a manner that both cannot be enforced. See Cillam v. Matthews, 122 S.W.2d 348 (Tex. Civ. App. - Fort Worth 1938, writ dism'd). However, repeal by implication is not favored or presumed and is supportable only when the conflicting provisions are so repugnant that both cannot stand. See Dendy v. Wilson, 179 S.W.2d 269 (Tex. 1944); Townsend v. Terrell, 16 S.W.2d 1063 (Tex. Comm'n App. 1929, opinion adopted); Hunnicutt v. Lee, 16 S.W.2d 968 (Tex. Civ. App. - Dallas 1929, no writ). Since repeal by implication is not favored, old and new statutes that are not positively repugnant will each be construed so as to give effect to both, if possible. See Cole v. State, 170 S.W. 1036 (Tex. 1914); Bank of Texas v. Childs, 615 S.W.2d 810 (Tex. Civ. App. - Dallas 1981), rehearing denied, 634 S.W.2d 2 (Tex. Civ. App. - Dallas 1982), rev'd on other grounds, 103 S. Ct. 3369 (1983), reh'g denied, 104 S. Ct. 39 (1983).

In our opinion, the current provisions of section 32(a) and section 3(a)(1) of article 4413(29bb) are not sufficiently repugnant to each other to invoke the doctrine of implied repeal. Chapter 523 added three additional categories of individuals who are required to register under section 32(a), namely, alarm systems installers, noncommissioned private security officers, and private security consultants. Assuming that the added category of noncommissioned private security officers includes the unarmed security personnel in question and otherwise would require their registration, section 3(a)(1) applies to and exempts the limited group in that category that are unarmed security personnel employed exclusively and regularly by one employer in connection with only that employer's affairs, if their relationship is that of an employer and employee. Any other unarmed security personnel, such as those who are not employed exclusively or regularly by one employer or who perform services on a contractual basis instead of an employer-employee basis, are not exempt from article 4413(29bb) by the exception provided by section 3(a)(1).

We conclude that the amendment to section 32(a) does not impliedly repeal the longstanding exemption from the act provided by section 3(a)(1) and that the provisions of both sections continue to have effect and meaning. We note that, if this construction does not reflect the intent of the legislature, that body may effect its intent by means of a simple amendment to the statute.

## S U M M A R Y

The exclusion from the provisions of article 4413(29bb) granted to certain persons by section 3(a)(1) of that act was not expressly or impliedly repealed by the regular session of the Sixty-eighth Legislature. Therefore, registration with the Texas Board of Private Investigators and Private Security Agencies is not required for unarmed security personnel employed by individual retailers when they are employed exclusively and regularly by one employer in connection with the affairs of only that employer and the relationship of the retailer and the security personnel is that of an employer and employee.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Rick Gilpin, Chairman
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood