**Juanita MUNOZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1393.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1978.

J. L. Covington, Brownsville, for appellant.

S. N. Snedeker, Dist. Atty., Brownsville, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment temporarily committing appellant, Juanita Munoz, to the Rio Grande State Center for Mental Health and Mental Retardation. On June 9, 1978, Oscar Munoz, Juanita Munoz's husband, filed an application to commit appellant to a mental hospital for temporary hospitalization. On the same day, appellant was examined by Dr. Jorge Viada and Dr. Jorge A. Cardenas and was committed for temporary emergency treatment. On June 19, 1978, the court appointed J. L. Covington as attorney ad litem for Juanita Munoz. That same day, the court held its hearing on the petition for temporary hospitalization. No evidence was adduced at the hearing on the petition other than the certificates of the two examining physicians mentioned above. Munoz timely objected to the failure of the State of Texas to introduce evidence at the hearing. Upon considering the medical certificates, which stated that the doctors were of the opinion that Mrs. Munoz required hospitalization in a mental hospital, the court ordered Juanita Munoz committed for a period of 90 days for observation and treatment. Covington was awarded $25.00 for his services as attorney ad litem for Juanita Munoz and as attorney ad litem in another cause to determine whether a person should be committed to the state hospital for treatment of alcoholism. Munoz appeals. We reverse.

The appeal is governed by Tex.Rev.Civ. Stat.Ann. art. 5547–39a (Supp.1978):

"The person ordered committed may appeal the Order of Temporary Hospitalization by filing written notice thereof with the County Court within five (5) days after the Order of Temporary Hospitalization is entered."

Section 5547–39b further provides that when notice of the appeal has been filed with the clerk, the clerk shall immediately send a certified copy of the transcript of the proceedings to the Court of Civil Appeals.

If the appeal is based on evidentiary matters, findings of fact and a statement of facts would be necessary for proper review in such a case. In the event the trial court, in response to a prompt written request, fails to file findings of fact prior to the completion of the transcript, the appellant should request the clerk of the trial court to include the motion requesting such findings of fact in the transcript. The trial court's findings subsequently filed can be presented to the appellate court by supplemental transcript. Such original transcript gives the Court of Civil Appeals jurisdiction of the case. The appellate court could then enter such orders as may be necessary to expedite and advance the case on the docket to give such case the preferential setting envisioned by Section 5547–39d.

This type of proceeding which may deprive the liberty of the party under temporary hospitalization is in the nature of a habeas corpus. On appeal, the appellate court needs the cooperation of the trial judge, the clerk of that court, the court reporter and the attorneys involved to give proper consideration to the matters presented on appeal.

■ Appellant, through her attorney, Covington, brings 22 points of error. We initially consider point 19 which states that the lower court erred in committing appellant to a mental hospital on the basis of the certificates of medical examination, since such certificates were not such competent medical testimony or psychiatric testimony as required by Tex.Const. art. I § 15–a. We agree.

Tex.Const. art. I § 15–a provides:

"No person shall be committed as a person of unsound mind except on competent medical or psychiatric testimony. The Legislature may enact all laws necessary to provide for the trial, adjudication of insanity and commitment of persons of unsound mind and to provide for a method of appeal from judgments rendered in such cases . . ."

In this connection, the Legislature provided in Tex.Rev.Civ.Stat.Ann. art. 5547–37 (1958):

"If at the hearing no one opposes temporary hospitalization of the proposed patient, the court may make its findings upon the basis of the Certificates of Medical Examination for Mental Illness on file with the court."

The trial court, in our case, filed findings of fact and conclusions of law. Finding of fact number 14 states, "Juanita Munoz timely objected to the failure of the State of Texas to introduce evidence at the hearing." We think this finding is sufficient to show that appellant opposed her temporary hospitalization. Thus, Article 5547–37 would not control this proceeding, and it was error for the trial court to make its findings over appellant's objection, without hearing testimony. We think under the facts herein that the Constitution and the

Code require both a medical and a legal determination of the grounds on which Munoz is to be deprived of her liberty. *Moss v. State*, 539 S.W.2d 936, 950 (Tex.Civ.App.— Dallas 1976, no writ). *Moss* provides an excellent analysis of the type of problem facing this Court, and to that part of the opinion that is relevant to the problem before us, we are in accord with its reasoning. Appellant's point 19 is sustained.

Appellant Munoz contends also that she was wrongfully denied an appearance bond pending appeal because of her status. Tex. Rev.Civ.Stat.Ann. art. 5547–39c (Supp.1978) provides:

"Pending the appeal, the County Judge or District Judge in whose court the cause is pending may stay the Order of Temporary Hospitalization, and release the proposed patient from custody if the Judge is satisfied that the proposed patient is not dangerous to himself or to others, and provided that the proposed patient posts an appearance bond in an amount to be. determined by the Court."

In this case, Munoz's attorney filed a motion to stay the temporary hospitalization pending appeal and attached thereto an affidavit *in forma pauperis*. The trial court held a hearing on this motion and recited in its order:

". . . the Court having considered said. motion and the affidavit of Juanita Munoz, and it appearing that the said Juanita Munoz is unable to post an appearance bond,

It is therefore ORDERED, . . . that said motion be, . . . denied."

We have no statement of facts or other record of any evidence introduced at this hearing; therefore we are unable to review this point of error.

■ Subsequent to the filing of the transcript in this cause, the State filed several motions in the County Court at Law to dismiss the suit, release the appellant and increase the attorney's fee awarded appellant's attorney. The court granted these motions. The State now moves that we reverse the judgment and remand this cause, alleging the matters before us are moot. The court's action was taken after

jurisdiction of this case vested exclusively in the Court of Civil Appeals; i. e., upon our receipt of the transcript. See *Moss v. State*, supra. Accordingly, these subsequent orders have no force or effect. The State's motion in this Court is therefore denied.

The appellant also complains of the amount of the attorney's fee awarded by the trial court. In view of our disposition of this appeal and the State's motion to award $500.00 attorney's fee, it is not necessary for us to rule on this point of error.

Because of the error hereinabove set out, and because the record shows that the evidence is factually insufficient to support the trial court's order of commitment, we, accordingly, reverse the order for temporary hospitalization and order the cause to be remanded to the County Court of Cameron County for another hearing. It is here ordered by this Court that all treatment of the appellant for mental illness be discontinued and that she be released from custody.

REVERSED and cause REMANDED.