v.

**The STATE of Texas for the Best Interest and Protection of C. V., a Mentally Ill Person, Appellee.**

**No. B2673.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 13, 1981.

**442**

Wesley Hall, College Station, for appellant.

Jeffrey K. Brown, Brazos County Atty., Bryan, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

This is an appeal from an order committing appellant to the Rusk State Hospital. We use initials only to protect the identity of the appellant.

On November 11, 1980 appellant was adjudged mentally ill and committed as a patient for observation and/or treatment to the Rusk State Hospital. This commitment arose out of an Application for Temporary Hospitalization filed by the County Attorney of Brazos County, Texas pursuant to Tex.Code Crim.Proc.Ann. art. 46.03, §. 4 (Vernon 1979) and Tex.Rev.Civ.Stat.Ann. art. 5547–38(b) (Vernon 1958). It is from the Order of Temporary Hospitalization which C. V. appeals.

In her first point of error appellant asserts the trial court erred in admitting the testimony of Dr. Barney M. Davis, Jr., because such admission violated Tex.Rev.Civ. Stat.Ann. art. 5561h (Vernon Supp.1980–1981) relating to the confidentiality of communications between a mental patient and a professional. In her second point appellant argues there was no evidence to support the lower court's commitment.

At the hearing on the Application for Temporary Hospitalization, Dr. Barney M. Davis, Jr., a psychiatrist, testified as to the results of an examination of appellant which he made a short time before the hearing. It was Dr. Davis' opinion C. V. was suffering a schizophrenic form psychosis and that she had a borderline personality disorder. He testified that as a result of his examination he was of the opinion she should be hospitalized for treatment of the disorders.

The testimony of Dr. Davis was objected to by counsel for appellant, the basis of the objection being Article 5561h of the Mental Health Code, which provides, subject to several exceptions, that communications between a professional and a mental patient and the records of the diagnosis or evaluation of a mental patient maintained by a professional are confidential and are not to be disclosed.

The only exceptions to the privilege of confidentiality are found in Article 5561h, § 4, and none was established at the hearing on C. V.'s commitment. There are only four exceptions to the privilege that apply to in court proceedings, and only two of these could apply in a commitment case. These two exceptions are:

(2) when the patient/client waives his right in writing to the privilege of confidentiality of any information, or when other persons ... who are acting on the patient's/client's behalf submit a written waiver to the confidentiality privilege;

(4) when the judge finds that the patient/client after having been previously informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's/client's mental or emotional condition or disorder, providing that such communications shall not be privileged only with respect to issues involving the patient's/client's mental or emotional health. On granting of the order, the court, in determining the extent to which any disclosure of all or any part of any communication is necessary, shall impose appropriate safeguards against unauthorized disclosure.

It has been held that the confidentiality of communications between a patient and professional pertaining to the mental or emotional health of an individual applies to a temporary hospitalization commitment such as was ordered in this case. *Salas v. State*, 592 S.W.2d 653 (Tex.Civ.App.-Austin 1979, no writ). It is clear from the record that neither of the exceptions to the privilege was established before the testimony of Dr. Davis was admitted.

■ Since Dr. Davis' testimony was based upon communications and observations which were privileged, the trial court erred in admitting his testimony over appellant's objection. Because Dr. Davis' testimony was the only medical testimony offered by the State, the judgment of the trial court must be reversed. The Texas Constitution, Article I, § 15–a provides in part: "No person shall be committed as a person of unsound mind except on competent medical or psychiatric testimony." The legislature has established that "if at the hearing no one opposes temporary hospitalization of the patient the court may make its findings upon the basis of the Certificates of Medical Examination for

Mental Illness on file with the court." Tex. Rev.Civ.Stat.Ann. art. 5547–37 (Vernon 1958). If there *is* opposition to the temporary hospitalization the certificates alone are not adequate, and the commitment can only be made if supported by competent medical or psychiatric testimony. *Munoz v. State*, 569 S.W.2d 642 (Tex.Civ.App.-Corpus Christi 1978, no writ). In the instant case there was opposition to the temporary hospitalization of C. V. and because there was no competent medical or psychiatric testimony to support the temporary hospitalization, the commitment cannot be upheld. Points of error one and two are sustained.

■ In point of error three appellant alleges the judgment of the trial court is invalid because it does not limit the commitment to a period not to exceed ninety days.

Tex.Rev.Civ.Stat.Ann. art. 5547–38(b) (Vernon 1958) provides:

If upon the hearing the court finds that the proposed patient is mentally ill and requires observation and/or treatment in a mental hospital for his own welfare and protection or the protection of others, the court shall order that the mentally ill person be committed as a patient for observation and/or treatment in a mental hospital for a period not exceeding ninety (90) days.

In the present case the Judgment of Temporary Hospitalization states: "It is further ordered, adjudged and decreed that Patient be and he [*sic*] is hereby committed as a patient for observation and/or treatment to Rusk State Hospital."

The order does not comply with the terms of the statute and is therefore invalid because the commitment is not limited to a period not to exceed ninety days. It is true that the Application for Temporary Hospitalization, the Notice of Hearing on the Application for Temporary Hospitalization and the Writ of Commitment all specify that the period of commitment sought is a period not to exceed ninety days. The order, however, does not contain any such limit and we hold this omission is fatal to

the order's validity. Appellant's third point of error is sustained.

Judgment reversed and rendered.