**Esther DIAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13834.**

Court of Appeals of Texas,
Austin.

Sept. 21, 1983.

Rehearing Denied Oct. 19, 1983.

Richard Alley, Austin, [Attorney Ad Litem] for appellant.

Margaret Moore, County Atty., Peter Van Tyle, Asst. County Atty., Austin, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

GAMMAGE, Justice.

This is an involuntary mental health commitment under Tex.Rev.Civ.Stat.Ann. art. 5547–1, et seq. (Supp.1982). The numerous and repetitious briefs filed by appellant raise a total of 17 points of error. Eight of these points turn upon a single contention: that the testimony of the State's witness, Dr. Sedberry, as to appellant's statements concerning an assault on another patient, and medical records maintained during appellant's observation, care and treatment, were privileged information which should not have been admitted into evidence at the commitment hearing. Four of appellant's other points of error rely upon affirmative findings on these eight points, arguing that if the physician's testimony and the medical records were inadmissible then there was no evidence or insufficient evidence to support the trial court's judgment or the commitment of appellant as a person who is mentally ill. Appellant argues that in ruling on the privilege issue the trial court incorrectly applied provisions of Tex.Rev.Civ.Stat.Ann.

art. 4495b (Supp.1982), the Medical Practice Act, rather than Tex.Rev.Civ.Stat.Ann. art. 5561h (Supp.1982) of the Mental Health Code. We will affirm the order of commitment.

Article 5561h provides in part:

Section 1. (a) "Professional" means any person authorized to practice medicine in any state or nation, or any person licensed or certified by the State of Texas in the diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, or reasonably believed by the patient/client so to be.

\*     \*     \*     \*     \*     \*

Sec. 2. (a) Communication between a patient/client and a professional is confidential and shall not be disclosed except as provided in Section 4 of this Act.

\*     \*     \*     \*     \*     \*

Sec. 4. (a) Exceptions to the privilege in court proceedings exist:

(4) when the judge finds that the patient/client after having been previously informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's/client's mental or emotional condition or disorder, providing that such communications shall not be privileged, only with respect to issues involving the patient's/client's mental or emotional health. On granting of the order, the court, in determining the extent to which any disclosure of all or any part of the communication is necessary, shall impose appropriate safeguards against unauthorized disclosure.

Article 4495b provides in part:

Sec. 5.08. (a) Communications between one licensed to practice medicine, relative to or in connection with any professional services as a physician to a patient, is [sic] confidential and privileged and may not be disclosed except as provided in this section.

\*     \*     \*     \*     \*     \*

(g) Exceptions to confidentiality or privilege in court or administrative proceedings exist:

\* \* \* \* \* \*

(7) when the disclosure is relevant to an involuntary civil commitment or hospitalization proceeding under:
(A) the Texas Mental Health Code (Article 5547–1 et seq., Vernon's Texas Civil Statutes);

\* \* \* \* \* \*

(i) Exceptions to the confidentiality privilege in this Act are not affected by any statute enacted before the effective date of this Act.

■ The cited provisions of art. 5561h apply to court proceedings generally, and to all "professionals" generally, involving any court-ordered examination relating to a person's mental or emotional condition or disorder. It requires that a person be informed prior to examination that communications will not be privileged.

■ The cited provisions of art. 4495b apply only to involuntary civil commitments or hospitalization proceedings conducted under the applicable provisions of the Mental Health Code, which include art. 5547–32(a), requiring "Certificates of Medical Examination for Mental Illness by two (2) physicians." The term "physician" is defined in the Mental Health Code at art. 5547–4(d) as "a person licensed to practice medicine in the State of Texas or a person employed by a state mental hospital or by an agency of the United States, having a license to practice medicine in any state of the United States."

■ Appellant argues that the physician's testimony and the medical records were privileged under art. 5561h and should not have been admitted in evidence. The State argues that art. 5561h is no longer good law because the enactment of art. 4495b "effectively superceded [sic] and obviated the need for the prior statutes." We disagree with both arguments. Since repeal by implication is not favored, old and new statutes that are not positively repugnant will each be construed so as to give

effect to both, if possible. *Standard v. Sadler*, 383 S.W.2d 391 (Tex.1964); *Bank of Texas v. Childs*, 615 S.W.2d 810 (Tex.Civ. App.1981, writ ref'd n.r.e.)., 634 S.W.2d 2 (Tex.App.1982, no writ). We find no conflict between the narrow exception to confidentiality provided in art. 4495b and the broad provisions for confidentiality provided in art. 5561h.

Art. 44956b, § 5.08(g)(7) does not attempt to amend or modify art. 5561h. It carves an exception which applies only to communications with the physicians defined in art. 5547–4(d), the only persons authorized to certify patients for treatment in involuntary commitment or hospitalization proceedings. Consequently, art. 5561h maintains the confidentiality of communications with health care professionals (other than physicians) in court proceedings (other than involuntary commitments or hospitalizations) which are not otherwise excepted in either the Mental Health Code or the Medical Practice Act.

Furthermore, § 5.08(i) of art. 4495b provides that the exceptions to confidentiality set out in the Medical Practice Act are not affected by any prior statutory enactments.

■ Appellant further argues that because the physician's testimony included evidence of an assault, her privilege against self-incrimination was violated. We find, however, that art. 5547–31 of the Mental Health Code requires that the sworn Application for Temporary Hospitalization "state upon information and belief that the proposed patient is not charged with a criminal offense," and in § 5.08(g)(6) of art. 4495b, the Medical Practice Act provides that its exceptions to confidentiality "does not authorize the release of any confidential information for the purpose of instigating or substantiating criminal charges against a patient." Thus, the information which is the subject of this appeal could not be used as a basis for any criminal charges or prosecution of appellant.

We hold that art. 4495b was properly applied, the physician's testimony and the medical records were properly admitted into

evidence, and appellant's privilege against self-incrimination was not violated. Appellant's first twelve points of error are overruled.

■ In her Second Supplemental Brief appellant raises five additional points of error. Supplemental point number one alleges that appellant was a voluntary patient and that consequently, under art. 5547–26 (1958), the trial court did not have jurisdiction to order the commitment. Appellant argues that "there is no showing in the record that appellant ever executed a signed, written request for her release from the Austin State Hospital. . . ." The record, however, *does* contain a request for release signed by appellant and dated three days prior to the filing of the Application for Temporary Hospitalization. We overrule appellant's supplemental point of error number one.

Supplemental points numbers two, three and four are all grounded on a complaint that the certificate of medical examination for mental illness filed by one of the physicians who examined appellant violates art. 5547–34 (1958). This provision states:

Unless at the time set for hearing on the Application there are on file with the county court two (2) Certificates of Medical Examination for Mental Illness stating that the proposed patient is mentally ill and requires observation and/or treatment in a mental hospital, the county judge shall dismiss the Application and order the immediate release of the proposed patient if he is not at liberty.

Appellant argues that *Moss v. State,* 539 S.W.2d 936 (Tex.Civ.App.1976, no writ), requires that such certificates state the factual basis of the doctors' opinion. We disagree. *Moss* involved a temporary hospitalization which, as in the instant case, was opposed by the patient. Two certificates were filed and testimony was taken at the hearing. Although two physicians testified that their diagnoses were based on appellant's statements, those statements were never revealed. Nor did the physicians discuss what in appellant's beliefs or behavior caused them to find her delusional, disasso-

ciated from reality, and dangerous. The opinion of one of the physicians was based not on observation of appellant but on a conversation with another psychiatrist.

The Court of Civil Appeals found this evidence insufficient to support the commitment and held:

We conclude that when an Application for Temporary Hospitalization is opposed by the prospective patient, the order of commitment must be supported by the recommendation of a physician *and* a showing of the factual information on which that recommendation is based. (emphasis added)

539 S.W.2d at 951.

*Moss* contemplates two stages of physician involvement: first, the "recommendation" which is embodied in the certificate, and second, if the hospitalization is opposed, the "showing" which can be contained in evidence offered at the hearing. *Moss* does not hold that the showing of factual information must be on the face of the certificate nor does it require that both physicians testify.

■ In the case before us, there were two physician's certificates, those of Drs. Sedberry and Pryatel. Both certificates recommended hospitalization. Dr. Sedberry's testimony reveals which of appellant's statements and actions led to her recommendation. This testimony was based on both her personal observation and upon records compiled in part by Dr. Pryatel and entered into evidence at the hearing. This is a sufficient factual showing to support the order of commitment. Appellant's supplemental points two, three and four are overruled.

■ Appellant's supplemental point number five contends that the trial court erred in holding the hearing because the State did not file a timely recommendation for the most appropriate treatment as required under art. 5547–32A. Because there is nothing in the record to show that this issue was ever presented to the trial court this point may not be raised on appeal, and we need make no finding as to whether or not a

timely recommendation was actually filed. *Greater Ft. Worth & Tarrant County v. Mims,* 627 S.W.2d 149 (Tex.1982). Appellant's supplemental point of error five is overruled.

Accordingly, we affirm the order of commitment entered by the trial court.