Janis FIELDER, as A Mentally Ill
Person, Appellant,

v.

The STATE of Texas, for the Best
Interest and Protection of Janis
Fielder, Appellee.

No. 01–84–0055–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 21, 1984.

Edward S. Hubbard, Clinton P. Hackney, Kennedy, Burleson & Hackney, Houston, for appellant.

Melinda Brents, Robert Cambrice, Asst. County Attys., Houston, for appellee.

Before EVANS, C.J., and BASS and COHEN, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from an order granting an application for temporary mental health services, under which the appellant was ordered committed to the state mental hospital for a period not to exceed 90 days. The appellant perfected this appeal during such confinement but was discharged on March 16, 1984, one month prior to the date set for submission.

In her original brief, appellant raised three points of error in which she attacked the constitutionality of the emergency detention provision of the Mental Health Code, Tex.Rev.Civ.Stat.Ann. art. 5547-28 (Vernon Supp.1984), and the sufficiency of the evidence to support the order of commitment. Both parties subsequently filed amended briefs and in response to questions from the bench during oral argument, the appellant included a jurisdictional statement.

In appellant's first point of error, she challenges the constitutionality of art. 5547-28, and the adequacy of the application for emergency detention. In her second point, she challenges the legal sufficiency of the order of protective custody, issued pursuant to art. 5547-36.

■ The Mental Health Code does not provide a method of appeal from either an order for emergency detention or an order of protective custody. Habeas corpus is the only remedy available to those seeking relief from an order of protective custody, *Ex parte Ullmann*, 616 S.W.2d 278, 280 (Tex.Civ.App.—San Antonio 1981, writ dism'd), and upon this rationale, we hold that habeas corpus is the only vehicle to attack an order of emergency detention issued under art. 5547-28.

The *Ullmann*, court held that an order of protective custody under the previous Code, which allowed detaining a proposed patient for up to 14 days, was susceptible to review only by habeas corpus because the order provided such a short detention and no direct appeal was provided by statute. *Id.* Under the current Code, one may not be detained for more than 72 hours prior to a probable cause hearing, which may then result in further detention pending a full hearing on the issue of temporary or extended commitment. *Compare* art. 5547-66 (1957) *with* art. 5547-36 (Vernon Supp.1984). Because habeas corpus is

the only appropriate remedy for one to receive immediate relief from orders requiring that short a period of detention, *Luna v. Van Zandt,* 554 F.Supp. 68, 70 (S.D.Tex.1982), we hold that the confinement prescribed by an order for emergency detention may be challenged only by habeas corpus. *Id; see* art. 5547–28 to –30 (Vernon Supp.1984).

■ In appellant's statement of jurisdiction, she argues that if habeas corpus is the only remedy for contesting the validity of her restraint, we should consider her brief on appeal as a petition for habeas corpus. She relies on *Basaldua v. State,* 558 S.W.2d 2 (Tex.Crim.App.1977) where an appeal was held to suffice as an application for habeas corpus, the court noting that it would be useless to require a new and separate habeas corpus application. In that case, however, the Court of Criminal Appeals recognized that it has unlimited original jurisdiction to issue writs of habeas corpus. *Id.* at 5, n. 2. Such is not the case with the courts of appeals, whose jurisdiction is limited by statute and is specific in scope. *See Taft v. Schraub,* 557 S.W.2d 172 (Tex.Civ.App.—San Antonio 1977, no writ). The statute provides that the court of appeals are granted jurisdiction to issue the writs of habeas corpus only in "divorce cases, wife or child support cases, and child custody cases." Tex.Rev.Civ.Stat.Ann. art. 1824a (Vernon Supp.1984). Therefore, even if appellant's points of error were properly presented by petition for writ of habeas corpus, we would not have jurisdiction over the subject matter of appellant's complaint. We therefore lack jurisdiction to consider appellant's first two points of error.

Because art. 5547–57 expressly provides an appeal from orders of commitment, we do have jurisdiction to consider appellant's third point of error under which she argues that the evidence is insufficient to support her 90-day commitment.

Before a hearing may be held on an application for court-ordered mental health services, two certificates of medical examination for mental illness, prepared by two physicians who have examined the proposed patient within the 30 days preceding the hearing, must be filed with the court. Article 5547–46(a). In her original brief, appellant attacks the sufficiency of these certificates, stating that they did not meet certain requirements of art. 5547–33. However, in oral argument, appellant's counsel admitted that he had mistakenly relied on a document entitled "Certificate of *Preliminary* Medical Examination for Mental Illness" in preparing appellant's brief, and requested leave to file an amended brief, which was granted. In her amended brief, appellant states that the certificates that were required to be on file before the commitment hearing were insufficient because they did not conform to art. 5547–33(a)(3), (4), and (7). That statute provides:

(a) A sworn Certificate of Medical Examination for Mental Illness shall be dated and signed by the examining physician and shall state:

. . . . .

(3) the date and place of the examination;

(4) a brief diagnosis of the physical and mental condition of the person examined;

. . . . .

(7) the opinion of the examining physician and the detailed basis for that opinion that:

(A) the person examined is mentally ill; and

(B) as a result of that illness the person:

(i) is likely to cause serious harm to himself,

(ii) is likely to cause serious harm to others; or

(iii) will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterioration of his ability to function independently and is unable to make a rational and informed decision as to whether or not to submit to treatment.

On January 9, 1984, when the hearing took place, the court had before it the certificates of medical examination of Drs. Patricia Pearce and Aaron Finch, both psychiatrists at the Harris County Psychiatric Hospital (HCPH), who had examined appellant on December 29, 1983, and January 1, 1984, respectively. Both physicians listed their address as "HCPH." Each physician certified "that my diagnosis based upon reasonable medical probability is schizophrenia, paranoid type." The physicians further stated the detailed basis for their opinion, as required by subsection (7)(A) and (B). Though briefly described, the doctors base their opinions on a "history and display of thought disorder"; "Believes people are trying to kill her because she won't 'date' them. Feels a judge ruled against her because he was jealous of her clothes"; and "presents a substantial risk of serious harm to herself or to others if not immediately restrained."

We hold that the certificates of medical examination state facts sufficient to comply with the requirements of art. 5547–33, and that the trial judge did not err in relying on these certificates when he signed the judgment for court-ordered mental health services. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.