In re The STATE of Texas for the Best Interest and Protection of Zella MAYBERRY.

No. 07–84–0277–CV.

Court of Appeals of Texas, Amarillo.

Jan. 16, 1985.

Richard Keffler, Amarillo, for appellant.

William Baumann, County Atty., Chris Kloeris, Asst. County Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Zella Mayberry appeals from the order of the trial court committing her to the Vernon State Hospital for a period not to exceed ninety days for temporary in-patient mental health services. In one point of error she contends that insufficient evidence was produced at the hearing to support the court's finding that her temporary hospitalization was necessary. We agree that the order of temporary hospitalization is not supported by that quantum of evidence required by due process. Therefore, we reverse the action of the trial court and order appellant's discharge.

· This proceeding was begun by the filing of an application for emergency apprehension and detention alleging, in general terms, certain behavioral aberrations exhibited by appellant which assertedly evidenced her mental illness and posed substantial risk of serious harm to herself or others. Based upon the examining physician's written report, which characterized her mental condition as a chronic and recurrent state of paranoid schizophrenia, appellant was placed in protective custody.

Thereafter, an application for court-ordered temporary mental health services was filed. *See* Tex.Rev.Civ.Stat.Ann. art. 5547–32 (Vernon Supp.1984).* Pursuant thereto, appellant was examined by two physicians, Dr. M. Jones and Dr. J. Johnson, who prepared certificates containing their respective conclusions, in pre-printed language tracking the statutorily-required findings, that she was mentally ill and likely to cause serious harm to herself or others, and if not treated would continue to suffer mental problems. *See* Article 5547–

33(a)(7). The diagnosis of her condition was recited in both certificates as "Schizo Affective Disorder." However, in neither certificate were expressed any facts leading to or supporting the diagnosis or to the pre-printed conclusions respecting the consequences of nontreatment.

By written instrument, appellant waived cross-examination of the physician-witnesses at the hearing on the application, wherein the judge was trier of fact. The only evidence adduced at the hearing was the certificates of the examining physicians. These certificates were the sole basis for the court's order of temporary hospitalization. Parenthetically, we note that the court's order contained a finding that the application and physicians' certificates were "true and correct and [were] supported by clear and convincing evidence."

■ Article 5547–50 provides, as relevant here, that

(b) Upon the hearing, the judge or the jury, if one has been requested, shall determine that the person requires court-ordered mental health services only if it finds, on the basis of clear and convincing evidence, that:

(1) the person is mentally ill; and

(2) as a result of that mental illness the person:

(i) is likely to cause serious harm to himself; or

(ii) is likely to cause serious harm to others; or

(iii) will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterioration of his ability to function independently and is unable to make a rational and informed decision as to whether or not to submit to treatment.

(c) The clear and convincing evidence must include expert testimony and, unless waived, evidence of either a recent

---

* All future references to articles are to the Texas Mental Health Code, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1984).

overt act or a continuing pattern of behavior in either case tending to confirm the likelihood of serious harm to the person or others or the person's distress and deterioration of ability to function.

The evidence considered by the trier of fact in determining the necessity of temporary hospitalization must include, as a bare minimum, the sworn Certificates of Medical Examination for Mental Illness by two physicians. Articles 5547–46(c) and 50(c). Those physicians' certificates, in turn, must include, *inter alia*

the opinion of the examining physician and the detailed basis for that opinion that:

(A) the person examined is mentally ill; and

(B) as a result of that illness the person:

(i) is likely to cause serious harm to himself;

(ii) is likely to cause serious harm to others; or

(iii) will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterioration of his ability to function independently and is unable to make a rational and informed decision as to whether or not to submit to treatment.

Article 5547–33(a)(7).

The temporary committment of a proposed patient must rest, *in toto* or in conjunction with testimony of lay witnesses, on competent medical or psychiatric testimony, Tex. Const. art. I, § 15–a, which, if cross-examination is waived, may be in the form of the physicians' certificates, art. 5547–47(a); but the evidence, however constituted, that hospitalization is required must be clear, unequivocal, and convincing. *Moss v. State*, 539 S.W.2d 936, 943 (Tex.Civ.App.—Dallas 1976, no writ); Article 5547–50.

■ The Dallas Court of Civil Appeals, in *Moss v. State*, a case closely analogous to the instant case, construed the governing provisions of the Texas Mental Health Code. That court held that in light of constitutional requirements of due process, the medical conclusions furnishing the basis for the fact-finder's determination that temporary hospitalization is necessary, must be attended by the presentment of specific objective factual data supporting the medical opinion. *Id.* at 950. The Court reasoned this is necessary because

we are not convinced that a psychiatrist, physician, or any other expert is sufficiently qualified by training or experience in the prediction of human behavior that his bare opinion of 'potential danger' is sufficient to justify the court in depriving a person of his liberty.

*Id.* at 951.

It is undisputed that the only evidence upon which appellant was involuntarily hospitalized was the certificates of Drs. Jones and Johnson. Those instruments contained their bare conclusions that appellant suffered from a "schizo affective disorder" and their derivative opinion that unless treated, appellant was likely to cause serious harm to herself or others. The State candidly concedes that the certificates do not contain any descriptive factual observations of the doctors that would form a detailed basis for the conclusions and opinions of the doctors. However, notwithstanding the apparent noncompliance of the certificates with the requirement of article 5547–33, the State argues the evidence is sufficient to support the court's order. The State's argument in asserting that position is two-pronged.

The State contends initially that by waiving the right of cross-examination of witnesses and agreeing to the receipt into evidence of the physicians' certificates, appellant cannot challenge the *sufficiency* of the certificates. Second, as we understand its argument, appellant's waiver of cross-examination effectively translates into a waiver of her opposition to hospitalization. In such a "non-controverted" hearing, the State reasons, the requirement of article 5547–33 as to the "detailed basis" for the physicians' opinions does not apply, and the order of temporary hospitalization may be founded solely upon the physicians' unsup-

ported certificates. As support for this position, the State cites the case of *Dial v. State*, 658 S.W.2d 823 (Tex.App.—Austin 1983, no writ). We do not agree with the State's position.

Respecting its initial contention, the State apparently relies on article 5547–47(a), which provides:

At the hearing on an Application for Court-Ordered Temporary Mental Health Services, the person and his attorney may waive in writing the right to cross-examine witnesses. If such a waiver is made and filed with the court, the court may admit into evidence the Certificates of Medical Examination for Mental Illness and make its findings on the basis of the certificates. If so admitted, the certificates shall constitute competent medical or psychiatric testimony and the court may make its findings on the basis of these certificates.

That the certificates may, by reason of waiver of cross-examination, constitute competent evidence, however, does not mean that they alone are clear and convincing evidence *ipso jure*, in abrogation of the requirement of article 5547–33 that the certificate of the examining physician shall state "the detailed basis" for his opinion that the proposed patient is mentally ill and requires treatment.

Indeed, the Court in *Moss v. State*, 539 S.W.2d at 949, illustrated the weakness of the State's position with the observation that, "[I]f the conclusion of a psychiatrist were sufficient for a civil commitment, no necessity would exist for a court, with or without a jury, to make a judicial determination of the facts necessary for involuntary hospitalization." We regard the Court's reasoning in *Moss v. State* as sound and applicable to this case.

The State, in the second prong of its argument, asserts that the State's evidentiary burden in these proceedings varies according to whether the hospitalization is opposed or unopposed. In support of this position, the State says that the nonwaiver of cross-examination of witnesses equates to an opposition to the hospitalization, which imposes upon the State the burden of showing the factual particulars underlying the doctors' medical conclusions. In contrast, it contends, where the proposed patient waives cross-examination of witnesses pursuant to article 5547–47, the application is unopposed and factual recitals supporting the doctors' conclusions in the admitted certificates need not be presented, since the proposed patient effectively agreed to hospitalization. We do not believe *Dial v. State* supports this position.

In *Dial*, rather than holding, as the State argues, that the medical conclusions of the physicians recorded in their certificate alone will sustain the court's hospitalization order, the court instead simply clarified the *Moss* opinion to refute any interpretation of that opinion as requiring that, irrespective of other evidence adduced, the physicians' certificates must themselves provide the factual basis for their conclusions. The Court's actual holding was that where the proposed patient does not waive cross-examination of witnesses and the physicians' certificates fail to disclose the factual data leading to their conclusion that the subject of the proceeding requires hospitalization, such supporting factual observations can be supplied by testimony at the hearing. Implicit in that holding is that where cross-examination is waived and the determination is made solely on the basis of the examining physicians' certificates, the certificates must themselves contain sufficient objective factual observations to enable the trier of fact to draw its own conclusion respecting the need for the proposed patient's temporary hospitalization. *Dial v. State*, 658 S.W.2d at 827. To accept the interpretation advanced by the State would do violence to fundamental notions of due process. *See Moss v. State*, 539 S.W.2d at 950 (quoting *Humphrey v. Cady*, 405 U.S. 504, 509, S.Ct. 1048, 1052, 31 L.Ed.2d 394, 402–3 (1972)).

Neither are we persuaded by the State's argument that *Fielder v. State*, 673 S.W.2d 387 (Tex.App.—Houston [1st Dist.] 1984, no writ) obliquely sanctions the sufficiency of the physicians' certificates in this case. In *Fielder* the court found that in the certificates there in question, the "physicians further stated the detailed basis for their

opinion," and specifically stated, "[W]e hold that the certificates of medical examination state facts sufficient to comply with the requirements of art. 5547–33, and that the trial judge did not err in relying on these certificates" when he signed the hospitalization order there in question.

We hold that certificates, such as those here in question, which merely contain a physician's conclusions and opinions without statement of a reasonably detailed factual basis for such conclusions and opinions are not sufficient to sustain a court's determination that temporary hospitalization is necessary. *Lodge v. State*, 597 S.W.2d 773, 778–9 (Tex.Civ.App.—San Antonio 1980), *affirmed*, 608 S.W.2d 910 (Tex.1980); *Munoz v. State*, 569 S.W.2d 642, 644 (Tex.Civ. App.—Corpus Christi 1978, no writ); *State for Interest and Protection of Ellenwood*, 567 S.W.2d 251, 254 (Tex.Civ.App.—Amarillo 1978, no writ); *Moss v. State*, 539 S.W.2d at 951.

The evidence in this case being insufficient to sustain the order of the court, the order for temporary hospitalization is reversed and appellant ordered discharged. This judgment is without prejudice to the right of the State to institute further proceedings if necessary.