v.

The STATE of Texas, State.

No. 2–87–110–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 20, 1987.

Fillmore, Purtle, Spurgers & Lambert, and Joe B. Steimel, Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty., and Juanita Pavlick, Asst. Wichita Falls, for State.

JOE SPURLOCK, II, KELTNER and LATTIMORE, JJ.

## OPINION

KELTNER, Justice.

This is an involuntary mental health commitment case. The trial court found K.L.M. to be mentally ill. The court further found that K.L.M., as a result of her mental illness, will, if not treated, continue to suffer severe and abnormal mental, emotional or physical distress and will continue to experience deterioration of her ability to function independently. The court also found that as a result of her mental illness, K.L.M. is unable to make a rational and informed decision as to whether to submit to treatment. *See* TEX.REV.CIV.STAT. ANN. art. 5547–50(b)(2)(iii) (Vernon Supp. 1987).

K.L.M. appeals and brings five points of error.

We affirm.

■ In the first point of error, K.L.M. contends that the court erred in rendering judgment that she be temporarily committed to the Wichita Falls State Hospital. Specifically, K.L.M. contends that the court erred in considering evidence not in the record, thereby depriving her of the right to cross-examination. The evidence, which K.L.M. contends the trial court considered, are the certificates of her medical examination for mental illness filed by examining doctors.

The judgment in the instant case states: The Court finds that all the terms and provisions of the Texas Mental Health Code have been complied with; and after considering all of the evidence and testimony and Certificates filed herein, the Court finds that the facts alleged in the above mentioned application are true and correct.

We disagree with K.L.M.'s contention. TEX.REV.CIV.STAT.ANN. art. 5547–46(a) (Vernon Supp.1987), provides that at least two certificates by physicians must be filed before a hearing may be held on an application for court-ordered mental health services. Moreover, article 5547–46(c) provides that unless two certificates are on file at the time of the hearing, the application must be dismissed.

We note that nothing in article 5547–46 requires that the certificates be introduced into evidence. *See Porter v. State,* 703 S.W.2d 840, 843 (Tex.App.—Fort Worth 1986, no writ). Additionally, there was ample evidence, apart from the certificates, to support the judgment. Accordingly, the first point of error is overruled.

In points of error two, three and four, K.L.M. challenges the sufficiency of the evidence. Specifically, K.L.M. claims there is insufficient evidence that she is likely to cause serious harm to herself. K.L.M. claims further there is insufficient evidence that she would "continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterioration of her ability to function independently and is unable to make a rational and informed decision as to whether to submit to treatment."

TEX.REV.CIV.STAT.ANN. art. 5547–50 (Vernon Supp.1987), allows mental commitment only if the following is proved by "clear and convincing evidence":

(1) the person is mentally ill; and

(2) as a result of that mental illness the person meets at least one of the following additional criteria:

(i) is likely to cause serious harm to himself; or

(ii) is likely to cause serious harm to others; or

(iii) will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterioration of his ability to function independently and is unable to

make a rational and informed decision as to whether or not to submit to treatment. If the judge or jury finds that the proposed patient meets at least one of these criteria, the judge or jury shall specify which of the three alternative criteria formed the basis of that decision.

*Id.*

The Supreme Court of Texas has defined the quantum of proof necessary to constitute "clear and convincing evidence" in a mental health commitment proceeding, as follows:

Clear and convincing evidence is defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. This is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. While the state's proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. [Citations omitted.]

*State v. Addington,* 588 S.W.2d 569, 570 (Tex.1979); also see this court's opinion in *W.L. v. State,* 698 S.W.2d 782 (Tex.App.—Fort Worth 1985, no writ). Article 5547–50 also provides that there must be expert testimony and evidence of either a recent overt act or a pattern of behavior tending to confirm the liklihood of serious bodily harm.

In reviewing insufficient evidence complaints in mental health commitments, we must review all the evidence to determine if the evidence was sufficient to produce a firm belief or conviction in the fact finder of the allegations plead. *Parsons v. State,* 677 S.W.2d 786, 788 (Tex.App.—San Antonio 1984, no writ); *In Interest of T.M.Z.,* 665 S.W.2d 184, 186 (Tex.App.—San Antonio 1984, no writ).

In the instant case, Dr. Decena, the treating psychiatrist for K.L.M., testified that K.L.M. presented a serious risk of danger to herself. He asserted that his opinion was supported with evidence of re-cent overt acts and a pattern of behavior confirming the likelihood of a danger to herself. Dr. Decena also testified that his examination revealed that K.L.M. suffers from extreme feelings of anxiety, fear and depression.

Dr. Decena testified that during his examination of K.L.M., she admitted that she had a history of being manipulative, which was sometimes considered dangerous to herself and to others. K.L.M. also admitted to having pointed guns or pistols at herself. K.L.M. admitted that, on one occasion, she jumped out of a boat on Lake Travis.

Dr. Decena testified that it was his opinion that K.L.M.'s impulsive behavior exposed her to the danger of accidentally hurting or killing herself. Dr. Decena also testified that K.L.M. would occasionally indicate a willingness to be involved in treatment, but would subsequently change her mind. We note that at the time of the hearing, K.L.M. indicated a willingness to be involved in treatment; however, she admitted that her willingness was subject to change. He further testified that if she was not treated, her condition would deteriorate. It was his opinion that hospitalization would provide a "safe and controlled setting" that outpatient treatment could not provide. This treatment was necessary to prevent mental and physical distress.

We hold this evidence is sufficient to support the finding that K.L.M. is mentally ill and her illness is likely to cause serious harm to herself. We further hold there is sufficient evidence to support the findings that K.L.M. is unable to make a rational and informed decision as to whether to submit to treatment, and that if she were not treated, she would continue to suffer severe and abnormal mental, emotional, or physical distress and would continue to experience deterioration of her ability to function independently.

Accordingly points of error two, three and four are overruled.

In the last point of error, K.L.M. contends there is no evidence that she is likely

to cause serious harm to others. In reviewing no evidence complaints, we must only review the evidence favorable to the court's judgment. *In Interest of T.M.Z.,* 665 S.W.2d at 186. The record reveals that Dr. Decena testified that K.L.M. is not a threat to other people. Thus, this contention is well founded. However, article 5547–50 only requires that one of the listed criteria be met before commitment. We have previously held in points two, three and found that sufficient evidence existed for the court's findings on other grounds under article 5547–50.

The judgment is affirmed.