Margarito Acedillo LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–89–00041–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 23, 1989.

Fred J. York, Raul E. Guerra & Assoc., San Antonio, for appellant.

Fred G. Rodriguez, Laurie A. Booras, Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and PEEPLES and BIERY, JJ.

## OPINION

BIERY, Justice.

This appeal concerns an order renewing appellant's involuntary commitment to a state hospital. Appellant advances three points of error challenging the order. We reverse the judgment of the trial court and remand the cause for further proceedings.

On September 4, 1986, appellant was tried for murder and found not guilty by reason of insanity. Pursuant to TEX. CODE CRIM.PROC. 46.03 § 4(d)(1), appellant was committed to Rusk State Hospital pending a hearing on the issue of commitment. A hearing was held on October 1, 1986, and the trial court entered an order stating that appellant met the criteria for involuntary commitment for a period not to exceed ninety days. Thereafter, the State filed an application for extended mental health services. On December 9, 1986, the trial court issued an order extending appellant's commitment for a period not to exceed twelve months. On December 4, 1987, the trial court renewed the order extending commitment for period not to exceed twelve months.

On December 12, 1988, the trial court conducted another hearing to determine whether the order should be renewed again. At that hearing, the State's only witness was Dr. John Sparks, a psychiatrist for the courts in Bexar County. He testified that, in his expert opinion, appellant was a dangerous man and could not be trusted outside a confined environment. The State offered into evidence a medical report written by Dr. Sparks in which he concluded that appellant was in need of further hospitalization. Dr. Sparks had no personal knowledge of any overt acts committed by appellant. He based his opinion on interviews with appellant and medical records. Based on Dr. Sparks' testimony and the medical report, the trial court renewed the order extending appellant's mental health services for a period not to exceed twelve months.

In his first point of error, appellant contends that the trial court erred in granting the order because there was no competent evidence adduced of a recent overt act or a continuing pattern of behavior as required by the statute. The Mental Health Code sets out the criteria by which the trial court may grant, on the basis of clear and convincing evidence, an application for extended mental health services. TEX.REV.CIV. STAT.ANN. art. 5547-51(b) (Vernon Supp. 1989).[1] The clear and convincing evidence must include expert testimony and evidence of a recent overt act or a continuing pattern of behavior, either of which would tend to confirm the likelihood of serious harm to the person or others or the person's distress and deterioration of ability to function. TEX.REV.CIV.STAT.ANN. art. 5547-51(c).

Dr. Sparks rendered his opinion and supported that opinion with the following facts: that appellant had aggressively approached a woman for sexual reasons while he was hospitalized; that he exhibited sexually inappropriate behavior toward women; that he demonstrated an ability to organize other male inmates to attack female inmates; that he threw an older woman out of bed during an attack on her; that he verbally abused the staff; that he molested female patients; that he hit a patient in the face; that he threatened staff and patients; that he fought with patients; and that he gave a metal fork to a patient and induced her to stab a male patient. Dr. Sparks learned of appellant's actions by reading

1. All references to Texas Revised Civil Statutes are Vernon Supp.1989.

appellant's medical records. He had no personal knowledge of any of these events.

Appellant argues that although Dr. Sparks could rely on hearsay statements in forming his medical opinion, those statements were insufficient to meet the statutory requirement of "evidence of a recent overt act or a continuing pattern of behavior tending to confirm the likelihood of serious harm." Appellant contends that in order to meet that portion of the statute, the State had to produce "direct evidence" of the recent overt act or continuing pattern of behavior. Therefore, the issue we must resolve is whether, for purposes of this statute, the word "evidence" means "direct evidence."

Before we address this issue, we must clarify what appellant means by "direct evidence." We infer from his brief that appellant contends "direct evidence" entails two interrelated requirements. First, appellant asserts that the State must present "direct evidence" of a recent overt act or continuing pattern of behavior, i.e., evidence separate and independent from the conclusions of the psychiatrist. Second, this evidence cannot be hearsay, which, according to appellant, is neither probative nor competent.

■ We cannot agree with appellant's latter contention. Dr. Sparks testified that according to his medical records, appellant was able to organize the male patients for the purpose of attacking the female patients. On cross-examination, Dr. Sparks indicated that another doctor told him that appellant had thrown a female patient out of bed and attacked her. All of this testimony was admitted without objection. Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. TEX.R.CIV. EVID. 802. Therefore, appellant cannot deny the probative value of the testimony. *Miller v. Presswood*, 743 S.W.2d 275, 279 (Tex.App.—Beaumont 1987, writ denied). Moreover, such testimony is not considered incompetent. *Dura-Stilts Co. v. Zachry*, 697 S.W.2d 658, 661 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ Appellant also contends that the psychiatrist's recommendations must be supported by evidence separate and independent from his conclusions. Appellant refers to this type of evidence as "direct evidence."

Appellant relies on *Moss v. State*, 539 S.W.2d 936 (Tex.Civ.App.—Dallas 1976, no writ) to show that direct evidence is required in this type of hearing. In that case, the court ordered hospitalization for appellant based solely on the testimony of a psychiatrist. The psychiatrist based his recommendation on an examination of the patient and the patient's history of mental illness. The court found that the psychiatrist's opinion alone did not provide sufficient evidence for a recommendation of hospitalization:

We conclude that this evidence is insufficient to support the jury's findings because *it does not give the factual basis on which the medical opinions are based.* A person suspected of mental illness ought not to be deprived of liberty on the basis of expert opinion alone. Such an opinion, although constitutionally required in Texas, as pointed out above, is not in itself enough to deprive a person of his liberty. If the conclusion of a psychiatrist were sufficient for a civil commitment, no necessity would exist for a court, with or without a jury, to make a judicial determination of the facts necessary for involuntary hospitalization.

*Moss*, 539 S.W.2d at 949. (Emphasis added)

All that *Moss* requires is the factual basis upon which a medical expert reached a recommendation for hospitalization, not corroboration by independent evidence. Neither the *Moss* opinion nor the statute itself suggests that the factual basis must be direct evidence. Indeed, the Court of Appeals in Fort Worth has upheld an order for commitment based solely on a psychiatrist's testimony, even though he had no personal or direct knowledge of the recent overt dangerous act upon which he reached his recommendation. *K.L.M. v. State*, 735 S.W.2d 324, 326 (Tex.App.—Fort Worth

1987, no writ). *See Porter v. State*, 703 S.W.2d 840 (Tex.App.—Fort Worth 1986, no writ) (sufficient evidence where psychiatrist based opinion on forty minute interview and records of people who had observed appellant); *Dial v. State*, 658 S.W.2d 823 (Tex.App.—Austin 1983, no writ). In addition to the medical records reviewed by Dr. Sparks, the record reflects that appellant indicated to Dr. Sparks in the interview that his earlier behavior of murdering his victim was appropriate. Dr. Sparks rendered his opinion for hospitalization and supported it with a factual basis. Therefore, the State has complied with the statute. Appellant's first point of error is overruled.

In his second point of error, appellant argues that the trial court erred in failing to impanel a jury. According to Mental Health Code, a hearing for extended mental health services shall be before a jury unless the jury trial has been waived. TEX.REV.CIV.STAT.ANN. art. 5547–49(a). This waiver must be in writing or it may be oral if it is made in the presence of the court. TEX.REV.CIV.STAT.ANN. art. 5547–49(c).

In this most recent proceeding, appellant did not file a written waiver.[2] Furthermore, the record is devoid of any evidence that appellant orally waived his right to a jury trial in the presence of the court. The State correctly points out that the jury waiver must be made "in the presence of the court" and not "on the record." The State concedes that there is no waiver on the record but suggests that the wording of the statute does not require evidence of the waiver in the record. We disagree with the State's interpretation of the statute.

One way to interpret the phrase, "in the presence of the court" is "on the record." The State suggests that "in the presence of the court" means "presented elsewhere." Given the spirit of the statute and the importance of the right to a jury trial, we believe that the legislature did not intend for the allowance of a slipshod waiver, as the State's interpretation would permit. Because it is so easy to get a waiver on the record, and because the right to a trial by jury is so fundamental, we find that the better interpretation of "in the presence of the court" is "on the record."

Appellant has brought to this court a complete record, and the record does not show a jury waiver. Therefore, appellant's second point of error is sustained.

In his third point of error, appellant argues that the trial court erred in granting a renewal of the order for extended mental health services because a proper application was not filed. Specifically, appellant points out that the State failed to comply with TEX.REV.CIV.STAT.ANN. art. 5547–55(b), which requires that the application explain in detail why a less restrictive setting for appellant is not appropriate and that the State file with the application two certificates of medical examination for mental illness based on examinations conducted within thirty days of the application. Appellant also points out non-compliance with TEX.REV.CIV.STAT.ANN. art. 5547–49(a) and (c).

The State urges that it was not required to comply with the Mental Health Code but that this action was governed by TEX. CODE CRIM.PROC. art. 46.03, § 4(d)(5). We agree.

The section of the Code of Criminal Procedure referred to by the State governs a hearing for the judicial release or the continued involuntary commitment of a person who is acquitted by reason of insanity and is currently committed to a mental hospital or other appropriate facility. The State has complied with this statute; therefore, appellant's third point of error is overruled.

Having sustained appellant's point pertaining to his right to a jury hearing, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion.

---

**2.** Written jury waivers were filed in the prior proceedings.