Andrew Sawyer **WELLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–96–233 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 19, 1997.

Decided March 5, 1997.

Steve D. Johnson, Johnson & Johnson, Beaumont, for appellant.

Bruce N. Smith, Special Prosecutor, Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Andrew Weller was found not guilty of murder by reason of insanity on January 11, 1988. Pursuant to TEX.CODE CRIM.PROC.ANN. art. 46.03 § 4(d)[1], Weller was ordered transferred to Vernon State Hospital for treatment. On July 16, 1996, the State filed an application for renewal of extended court order mental health services. Weller received a court appointed attorney who filed a motion to dismiss the application, which was denied. A jury found, by clear and convincing evidence, that Weller (1) was presently mentally ill, (2) was likely to cause serious harm to others, (3)would, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress, (4) would, if not treated, continue to experience deterioration for his ability to function independently, (5) was presently unable to make a rational and informed choice as to whether or not to submit to treatment and (6) was expected to continue in this condition for more than 90 days. Based upon the jury's verdict, the trial court entered a judgment committing Weller to Vernon State Hospital for In–Patient treatment for a period not to exceed one year. Weller urges two points of error.

▮ The first point of error argues the trial court erred in overruling Weller's motion to dismiss the incomplete application for extended mental health services treatment. Weller argues the certificates of medical examination were fatally defective because they did not contain certain items required by TEX.HEALTH & SAFETY CODE ANN. § 574.01 (Vernon 1992). Specifically, Weller complains the certificates filed by Dr. Edward B. Gripon and Dr. Gary Aitcheson do not contain a diagnosis of Weller's physical condition and Dr. Gripon's certificate fails to state any reasoning for his opinion.

▮ The State argues the first issue is whether the motion filed under TEX.CODE CRIM.PROC.ANN art. 46.03 § 4(d)(5) (Vernon 1979 & Supp.1997) must meet the requirements of the Texas Health and Safety Code at all. The State cites *Lopez v. State*, 775 S.W.2d 857 (Tex.App.—San Antonio 1989, no writ) for the proposition that it does not. *Lopez* does hold the State is not required to

1. Act of June 19, 1983, 68th Leg., R.S., Ch. 454, § 2, 1983 Tex.Gen.Laws 2640, 2643, *amended by* Act of June 14, 1989, 71st Leg., R.S., Ch. 393, § 9, 1989 Tex.Gen.Laws 1525.

comply with the Mental Health Code, 775 S.W.2d at 860, since the action is governed by art. 46.03 § 4(d)(5). We respectfully disagree with the San Antonio court if their holding is taken from an absolutist standpoint. Article 46.03 § 4(d)(5) requires the court, "on the motion of the district or county attorney," to "hold a hearing, prior to the expiration of the commitment order, conducted pursuant to the provisions of the Mental Health Code[2]...." A reasonable interpretation of art. 46.03 § 4(d)(5) is that no certificates are required to be filed with the motion, but two certificates must be on file at the time of the hearing since Tex.Health & Safety Code Ann. § 574.009(a) (Vernon 1992) states a hearing may not be held unless two certificates are on file and Tex.Health & Safety Code § 574.009(d) (Vernon 1992 & Supp.1997) requires a dismissal if the certificates are not on file at the time of the hearing. *Accord Porter v. State,* 703 S.W.2d 840, 843 (Tex.App.—Fort Worth 1986, no writ); *In re J.J.,* 900 S.W.2d 353 (Tex.App.—Texarkana 1995, no writ).

There is on file a letter from Dr. Gripon to the court and a physician's certificate of medical examination for mental illness. We have reviewed both. The only description relating to physical condition is "47 year old divorced Caucasian male." Admittedly this is a scant description or diagnosis of Weller's physical condition, but the trial court obviously felt it was sufficient to meet the threshold jurisdictional requirement in order to hold the hearing. We are unwilling to say this was an abuse of discretion. Dr. Gripon's letter does include a factual basis and reasoning for his opinion.

In addition to the physician's certificate of medical examination by Dr. Aitcheson, there is on file a report from Dr. Aitcheson titled "Specialized Assessment" and signed by him on July 1, 1996, which briefly notes Weller's physical status, but does describe Weller's physical health. The trial court did not err in denying the motion to dismiss. Point of error one is overruled.

■ Point of error two alleges the evidence is insufficient to support the jury's answers. Tex.Health and Safety Code Ann. § 574.035(d) (Vernon 1992) requires expert testimony. The jury had written reports from Dr. Aitcheson, a psychiatrist at Vernon State Hospital, and Dr. Gripon, a psychiatrist in Beaumont, plus live testimony from Dr. Gripon. Both psychiatrists were of the opinion that Weller was delusional and mentally ill. Weller presented no controverting expert testimony. The State amply met its burden. This point of error is overruled. The judgment is affirmed.

AFFIRMED.

2.  Now Tex.Health & Safety Code Ann. (Vernon 1992).