In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-067 CR


____________________



ANDREW SAWYER WELLER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 49280






O P I N I O N


 Andrew Sawyer Weller was found not guilty of murder by reason of insanity on
January 11, 1988. Pursuant to Tex. Code Crim. Proc. Ann. art. 46.03 § 4(d), (1) Weller
was ordered committed to the North Texas State Hospital - Vernon Campus for treatment. 
See Weller v. State, 938 S.W.2d 787, 788 (Tex. App.--Beaumont 1997, no pet.). On
November 8, 2000, the State filed an application for renewal of extended court-ordered
mental health services. In accordance with the jury's verdict, the trial court entered a
judgment committing Weller to North Texas State Hospital - Vernon Campus for in-patient
treatment for a period not to exceed one year. Weller appeals raising various issues.

 We first address Weller's claim the evidence is insufficient to support the jury's
finding he is likely to cause serious harm to others. See Tex. Health & Safety Code
Ann. § 574.035(a)(2)(B) (Vernon Supp. 2002). According to section 574.035(a), the
evidence must be clear and convincing. Section 574.035(e) provides that to be clear and
convincing, the evidence must include expert testimony and evidence of a recent overt act
or a continuing pattern of behavior that tends to confirm either the likelihood of serious
harm to the proposed patient or others, or the proposed patient's distress and the
deterioration of the proposed patient's ability to function. See Tex. Health & Safety
Code Ann. § 574.035(e)(1), (2) (Vernon Supp. 2002). The jury had a written report from
Dr. Aticheson, Weller's attending physician at North Texas State Hospital, and the live
testimony of Dr. Gripon, a psychiatrist in Beaumont. Both doctors were of the opinion
that Weller was likely to cause serious harm to others. Evidence was presented that Weller
still does not accept responsibility for his parents' murder, believes he is inappropriately
incarcerated, and rejects medication. (2) Dr. Gripon testified that Weller "does not admit to
any mental health symptology and denies any mental health issues." Weller presented no
controverting expert testimony. We find the State presented clear and convincing evidence
from which the jury could find Weller is likely to cause serious harm to others. This issue
is overruled. 

 Weller further complains the trial court failed to make the necessary finding under
section 574.035(a)(3) that his condition is expected to continue for more than ninety days. 
See Tex. Health & Safety Code Ann. § 574.035(a)(3) (Vernon Supp. 2002). The
complaint is without merit. The statute requires such a finding, which the jury made and
which was recited in the judgment. The statute does not require the trial court to make a
separate finding, nor does it require its recitation in the judgment. No authority is cited
for such a requirement. This issue is overruled.

 Weller asserts the trial court erred in basing its judgment in any way on the jury's
findings that he would continue to experience deterioration of his ability to function
independently and would continue to suffer severe and abnormal, emotional, or physical
distress. See Tex. Health & Safety Code Ann. § 574.035(a)(2)(C)(i), (ii) (Vernon
Supp. 2002). Because the evidence is sufficient to support the trial court's judgment under
section 574.035(a)(2)(B), it is unnecessary to address the merits of these assertions; they
are overruled.

 Weller further complains the trial court erred in submitting jury questions four and
five because, as submitted, the trial court improperly comments to the jury that the State
has essentially proved the elements required by section 574.035(a)(2)(C)(i) and (ii). Also,
Weller asserts, the trial court failed to properly instruct the jury on the definition of "clear
and convincing." The record reflects error was not preserved on these issues. See Tex.
R. App. P.33.1(a). These complaints are overruled.

 The judgment is AFFIRMED.

 PER CURIAM


Submitted on January 18, 2002 

Opinion Delivered January 23, 2002

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. Act of May 25, 1983, 68th Leg., R.S., Ch. 454, § 3, 1983 Tex. Gen. Laws 2640,
2643-47, amended by Act of May 22, 1989, 71st Leg., R.S., Ch. 393, § 9, 1989 Tex.
Gen. Laws 1520, 1525-26.
2. The reason for not taking medication (side effects) does not lessen the danger
Weller poses to others.