In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-031 CR


____________________



MILLET HARRISON, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 66306






 OPINION 


 Appellant, Millet Harrison, Jr., appeals from an order extending his inpatient mental
health services for a period of one year. Harrison, indicted by the State for murdering his
mother, is an insanity acquittee by virtue of a jury's finding him not guilty by reason of
insanity. See Harrison v. State, 148 S.W.3d 678, 679 (Tex. App.-Beaumont 2004, no pet.). 
After Harrison was acquitted in October 1994 for the murder of his mother, the trial court has
renewed Harrison's commitment orders. Harrison subsequently challenged the trial court's
orders compelling his continued inpatient treatment. See Harrison v. State, 179 S.W.3d 629
(Tex. App.-Beaumont 2005, pet. denied); Harrison, 148 S.W.3d 678; Harrison v. State, No.
07-99-0259-CR, 1999 WL 994378 (Tex. App.- Amarillo Nov. 2, 1999, no pet.)(not
designated for publication); Harrison v. State, No. 09-98-134-CR, 1999 WL 160825 (Tex.
App.-Beaumont Mar. 24, 1999, no pet.)(not designated for publication). The January 2007
order extending his inpatient treatment forms the basis of Harrison's current appeal. 

 In two issues, Harrison contests (1) whether the trial court had the authority to
unilaterally set a hearing in order to address extending his continued receipt of inpatient
mental health services, and (2) whether article 46.03 of the Code of Criminal Procedure, now
repealed, provided him with a right to a jury trial on issues resolved at the hearing. 

Based on Harrison's acquittal date in 1994, former article 46.03 governs the
procedures applicable to Harrison's hearing. (1) Under former article 46.03, we hold that the
trial court had the authority to set a hearing on the issue of Harrison's recommitment. 
Additionally, pursuant to the procedures the legislature directed courts to use in conducting
those recommitment hearings, we conclude that the legislature granted Harrison the right to
a jury trial on several issues decided by the trial court. As a result, we reverse and remand
the trial court's order, and order a new hearing. 

Court's Right to Set Recommitment Hearings


First, we address whether former article 46.03 allowed the trial court to unilaterally
set a recommitment hearing. Commitment proceedings concerning persons who have been
found not guilty by reason of insanity are considered civil rather than criminal proceedings.
Campbell v. State, 85 S.W.3d 176, 180 (Tex. 2002). Former article 46.03 section 4(d)(5) of
the Texas Code of Criminal Procedure, applicable to this case, addressed how courts were
to conduct recommitment hearings for such persons.

Harrison argues that the trial court could not unilaterally set the hearing. Harrison
points out that under the Mental Health Code, (2) applications to renew orders to extend mental
health services may be filed by a county or district attorney, or other adult. See Tex. Health
& Safety Code Ann. 574.066(a) (Vernon 2003). The application must be accompanied by
two certificates of medical examination for mental illness signed by physicians who have
examined the patient during the thirty days preceding the application. Id. § 574.066(c)
(Vernon 2003). Because the State did not file an application for mental health services as
required by the Mental Health Code, Harrison argues that the trial court had no authority to
conduct a hearing. 

However, based on Harrison's acquittal date, former article 46.03 specifically applies.
It expressly authorized the court to set a hearing when the court's prior commitment order
nears expiration. Former article 46.03 provided that:

Upon receipt of such certificate or upon the expiration of a commitment
order, the court shall order the discharge of the acquitted person or on the
motion of the district or county attorney or on its own motion shall hold a
hearing, prior to the expiration of the commitment order, conducted pursuant
to the provisions of the Mental Health Code or the Mentally Retarded Person's
Act as appropriate, to determine if the acquitted person continues to meet the
criteria for involuntary commitment and whether an order should be issued
requiring the person to participate in a prescribed regimen of medical,
psychiatric, or psychological care or treatment on an out-patient basis as
provided in Subdivision (4) of this subsection. 


Act of May 25, 1983, 68th Leg., R.S., ch. 454, § 4(d)(5), 1983 Tex. Gen. Laws 2640, 2645
(repealed 2005)(current version at Tex. Code Crim. Proc. Ann. art. 46C.261 (Vernon
2006)) (emphasis added). 

 In this case, at the time of the January 2007 commitment hearing, the trial court's prior
commitment order was approximately a year old. Therefore, the court's prior order would
soon expire absent a new hearing. In addition, in a prior opinion concerning Harrison's
appeal of his 2005 recommitment order, we explained that under the Mental Health Code the
filing of medical certificates is not a prerequisite to the trial court's holding a recommitment
hearing under former article 46.03. Harrison, 179 S.W.3d at 634; see also Campbell, 85
S.W.3d at 183. Because former article 46.03 expressly allowed trial courts to unilaterally set
hearings to avoid allowing their prior commitment orders to expire, and because medical
certificates are not a prerequisite for such hearings, we conclude that a trial court acts within
its discretion in unilaterally setting a recommitment hearing when the former article applies. 
Because the trial court did not err in setting the hearing, Harrison's first issue is overruled. Right to Jury in Recommitment Hearings

 In his second issue, Harrison challenges the trial court's decision to conduct the
recommitment hearing without a jury. On the morning of the hearing, Harrison filed a
written jury demand. At the beginning of the hearing, Harrison's attorney made the trial
court aware of his request for a jury. The trial court subsequently denied Harrison's jury
request. 

 At the outset, we note that former article 46.03 section 4(d)(5) provided that hearings 
were to be "conducted pursuant to the provisions of the Mental Health Code . . . as
appropriate." Act of May 25, 1983, 68th Leg., R.S., ch. 454, § 4(d)(5), 1983 Tex. Gen. Laws
2640, 2645 (repealed 2005)(current version at Tex. Code Crim. Proc. Ann. art. 46C.255,
46C.261 (Vernon 2006)). The provision that applies in Harrison's case stated: 

If the court determines that the acquitted person continues to meet the criteria
for involuntary commitment and that out-patient supervision is not appropriate,
the court shall order that the person be returned to a mental hospital or other
appropriate in-patient or residential facility. If the court finds that continued
in-patient or residential care is required, the commitment will continue until
the expiration of the original order, if one is still in effect, or the court shall
issue a new commitment order of an appropriate duration as specified in the
Mental Health Code or the Mentally Retarded Person's Act.

 

Id. at 2645-46 (emphasis added). At the hearing, the trial court stated that the purpose of the
hearing was to determine "whether or not Mr. Harrison can be released and monitored from
the outside." After stating that it looked to the language of former article 46.03 to determine
whether Harrison had a right to a jury trial on the issues raised at the recommitment hearing,
the trial court denied Harrison's request for a jury. In summary, the trial court interpreted the
language of the former article 46.03 section 4(d)(5) as authorizing it to hold Harrison's
recommitment hearing without a jury. 

 Although the trial court stated that the hearing's purpose was to determine whether
Harrison could be monitored on an out-patient basis, the court's order following the January 
hearing adjudicated whether Harrison, at that point, had a mental illness; the court found by
clear and convincing evidence that Harrison suffered from a condition that impaired his
thought or impaired his behavior and that he was mentally ill. The trial court further
determined whether Harrison was a danger to himself or others; the trial court's order stated
that as a result of his mental illness, Harrison was likely to cause serious harm to others, or
if not treated, would continue to experience deterioration of his ability to function.
Additionally, the trial court decided whether Harrison was competent to make a treatment
decision for himself; the trial court's order stated that Harrison was unable to make a rational
and informed decision regarding whether to submit to treatment. Finally, the trial court
found that Harrison's present condition was likely to continue for more than ninety days. 
Thus, the trial court, without a jury, adjudicated fact issues that authorized the State to
continue to restrict Harrison's constitutionally protected liberty interest.

 It appears that the trial court's difficulty with interpreting the statute is related to the
legislature's decision in former article 46.03 to adopt by reference unspecified portions of
the Mental Health Code, which are to be applied "as appropriate" to recommitment hearings. 
Not all of the Mental Health Code provisions are considered appropriate to apply to article
46.03 hearings. In Campbell, the Texas Supreme Court held that the Mental Health Code's
requirement that two medical certificates be on file before a commitment hearing was
inapplicable to recommitment hearings conducted pursuant to former article 46.03. 85
S.W.3d at 183. The Campbell Court concluded that while former article 46.03 section
4(d)(5) required the trial court to follow the procedures outlined in the Mental Health Code
for conducting the hearing, the procedures for conducting the hearing did not include filing
the medical certifications required by the Code before the hearing. Id. 

 In contrast to the procedures before the hearing occurs, a jury trial concerns the
manner in which the hearing is conducted or held. Under the Mental Health Code, on certain
specified issues, proposed patients are entitled to jury trials. The Mental Health Code
specifically provides: "A hearing for extended mental health services must be before a jury
unless the proposed patient or the proposed patient's attorney waives the right to a jury." 
Tex. Health & Safety Code Ann. § 574.032 (b) (Vernon 2003). (3) There is no indication
in the record that Harrison waived his right to a jury's determining any of the disputed issues
the Mental Health Code delegates to the jury. See Tex. Health & Safety Code Ann. §
574.032(f) (Vernon 2003).

 The Mental Health Code also specified the issues to be tried to the jury at the
recommitment hearing. Section 574.035(a) of the Mental Health Code, applicable to
Harrison's case, is entitled, "Order for Extended Mental Health Services." See Act of April
29, 1991, 72nd Leg., R.S., ch. 76, § 1, 1991 Tex. Gen. Laws 515, 589 (amended 1995)
(current version at Tex. Health & Safety Code Ann. § 574.035 (Vernon Supp. 2006)).
Because Harrison did not waive his right to a jury trial under the Mental Health Code, the
trial court could have ordered extended inpatient mental health services if a jury had found,
by clear and convincing evidence, that he met the following criteria: 

 (1) [he] is mentally ill; 


 (2) as a result of that mental illness [he]: 

 (A) is likely to cause serious harm to himself; 

 (B) is likely to cause serious harm to others; or 

 (C) will, if not treated, continue to suffer severe and abnormal
mental, emotional, or physical distress, will continue to
experience deterioration of his ability to function independently,
and is unable to make a rational and informed decision as to
whether or not to submit to treatment;

 (3) [his] condition is expected to continue for more than 90
days[.]


Id.


 We conclude that because Harrison did not waive his right to a jury trial, the trial court
erred in adjudicating the issues delegated to the jury by the Mental Health Code. (4) We hold
that former Mental Health Code sections 574.032 and 574.035(a), in effect at the time of
Harrison's offense, are applicable to recommitment hearings under former article 46.03 of
the Code of Criminal Procedure. 

 Our conclusion is supported by the rules governing statutory construction. We
consider a statute as a whole rather than its isolated provisions. Helena Chem. Co. v. Wilkins,
47 S.W.3d 486, 493 (Tex. 2001) (citing Morrison v. Chan, 699 S.W.2d 205, 208 (Tex.
1985)). We should not give one provision a meaning out of harmony or inconsistent with
other provisions, although it might be susceptible to such a construction standing alone. Id.
(citing Barr v. Bernhard, 562 S.W.2d 844, 849 (Tex. 1978)). When considering the statute
as a whole, it appears that the legislature created a right to a jury on certain issues specified
by statute that are adjudicated in recommitment hearings. Although the judge ultimately
signs the order that applies the findings at a hearing determining whether to extend a
patient's inpatient treatment, the legislature delegated certain predicate issues to the jury
before the judge authorizes continued inpatient treatment. 

 Our conclusion finds further support in our sister appellate courts. The Fourth and
Fourteenth Courts of Appeals have concluded that absent a waiver, certain issues in article
46.03 hearings require a jury. In Lopez v. State, the Fourth Court of Appeals reversed and
remanded an article 46.03 order because the trial court failed to impanel a jury. 775 S.W.2d
857, 860 (Tex. App.-San Antonio 1989, no pet.), disapproved on other grounds by
Campbell, 85 S.W.3d at 182-83 (disapproving of Lopez's holding to the extent it could be
construed as holding the State was not required to comply at all with the Mental Health
Code's provisions in article 46.03 hearings); see also In re D.F.R., 945 S.W.2d 210, 215
(Tex. App.-San Antonio 1997, no pet.) (When trial court considered extending a court-ordered mental health commitment for outpatient treatment, insanity acquittee "was entitled
to a jury trial unless he waived it."). The Fourteenth Court of Appeals has stated that with
respect to insanity acquittees, "an order for either inpatient or outpatient commitment must
be supported by jury findings." Campbell v. State, 118 S.W.3d 788, 802 (Tex. App.-Houston
[14th Dist.] 2003, pet. denied). 

 Harrison requests that we vacate the trial court's order and order his release. 
Alternatively, he requests a remand to the trial court for a new hearing. Former article 46.03
provided: "A person acquitted by reason of insanity and committed to a mental hospital or
other appropriate facility pursuant to Subdivision (3) of this subsection may only be
discharged by order of the committing court in accordance with the procedures specified in
this subsection." Act of May 25, 1983, 68th Leg., R.S., ch. 454, § 5, 1983 Tex. Gen. Laws
2640, 2644-45 (repealed 2005)(current version at Tex. Code Crim. Proc. Ann. art. 46C.261
(Vernon 2006)). 

 Because Harrison has not secured jury findings to support a trial court's decision to
discharge him, and because he has not obtained an order from the committing court
discharging him, he is not entitled to an order releasing him from treatment. Remanding the
case for a jury trial on the issues delegated to the jury by the Mental Health Code is the
proper remedy to cure the trial court's error. Therefore, we reverse the trial court's order
renewing its prior order for inpatient extended mental health services and remand the matter
for a new recommitment hearing. 

 REVERSED AND REMANDED.


 ___________________________

 HOLLIS HORTON

 Justice


Submitted on August 1, 2007

Opinion Delivered October 10, 2007

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. See Act of May 25, 1983, 68th Leg., R.S., ch. 454, § 4, 1983 Tex. Gen. Laws 2640,
2641-47 (repealed 2005)(current version at Tex. Code Crim. Proc. Ann. art. 46C.261
(Vernon 2006)). In 2005, the Texas Legislature repealed article 46.03 and amended the Code
of Criminal Procedure to add "Chapter 46C. Insanity Defense." The 2005 amendment states
that it applies "only to an offense committed on or after the effective date of this Act. An
offense committed before the effective date of this Act is covered by the law in effect when
the offense was committed, and the former law is continued in effect for that purpose." Act
of May 27, 2005, 79th Leg., R.S., ch. 831, §§ 1, 2, and 5, 2005 Tex. Gen. Laws 2841,
2853-54.
2. Title 7, Subtitle C of the Health & Safety Code, consisting of sections 571.001
through 578.008 is the current Texas Mental Health Code. See Tex. Health & Safety
Code Ann. §§ 571.001-578.008 (Vernon 2003 & Vernon Supp. 2006). In this opinion, we
refer to the Mental Health Code when discussing a provision from Title 7, Subtitle C, rather
than the Health & Safety Code.


 
3. Because § 574.032(b) of the Health & Safety Code has not materially changed since
the date of Harrison's offense, we cite to the current version.
4. We do not imply that a jury demand is necessary in cases governed by former article
46.03 involving extended mental health services. See Tex. Health & Safety Code Ann.
§ 574.032 (Vernon 2003) (requiring that the jury waiver be in writing, under oath, and signed
by the party resisting extended mental health services his attorney, or unless the jury is
waived, by that party's attorney in open court).