In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-018 CV


____________________



MILLET HARRISON JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 66306






 OPINION


 Millet Harrison Jr. appeals from an order dated January 9, 2008, extending his
inpatient mental health services for one year. In October 1994, a jury found Harrison not
guilty by reason of insanity for the murder of his mother. See Harrison v. State, 148 S.W.3d
678, 679 (Tex. App.-Beaumont 2004, no pet.). Pursuant to former article 46.03 of the Texas
Code of Criminal Procedure, Harrison was automatically committed to a mental health
facility for one year. (1) See id. 

 Diagnosed with paranoid schizophrenia, Harrison has been in a psychiatric facility
since his 1994 acquittal by reason of insanity. Each year, the trial court has renewed
Harrison's commitment orders. Several times, Harrison has appealed from the trial court's
recommitment orders. See Harrison v. State, 239 S.W.3d 368 (Tex. App.-Beaumont 2007,
no pet.); Harrison v. State, 179 S.W.3d 629 (Tex. App.-Beaumont 2005, pet. denied);
Harrison v. State, 148 S.W.3d at 678; Harrison v. State, No. 07-99-259-CR, 1999 Tex. App.
LEXIS 8332 (Tex. App.-Amarillo Nov. 2, 1999, no pet.) (not designated for publication);
Harrison v. State, No. 09-98-134-CR, 1999 Tex. App. LEXIS 2027 (Tex. App.-Beaumont
Mar. 24, 1999, no pet.) (not designated for publication). The January 2008 order extending
his inpatient treatment forms the basis of Harrison's current appeal.

 Harrison raises two issues in his present appeal. He contends that "[t]he trial court
erred in entering an order renewing court ordered inpatient extended mental health services." 
In his second issue, Harrison asserts that "[t]he trial court erred in denying [his] demand for
a jury."

 Based on Harrison's offense date of February 1, 1994, this court previously held that
"former Mental Health Code (2) sections 574.032 and 574.035(a), in effect at the time of
Harrison's offense, are applicable to [Harrison's] recommitment hearings under former
article 46.03 of the Code of Criminal Procedure." See Harrison, 239 S.W.3d at 373. With
respect to Harrison's 2008 recommitment hearing, considered here, the trial court correctly
applied former sections of the Mental Health Code that were in effect at the time of the
offense. See Id. at 371-74; see also Campbell v. State, 118 S.W.3d 788, 802 (Tex.
App.-Houston [14th Dist.] 2003, pet. denied). 

 In his 2008 recommitment hearing, Harrison did not waive his right to a jury; thus, a
jury answered the issues submitted to it that were based upon the version of section
574.035(a) of the Mental Health Code applicable to Harrison by virtue of his 1994 offense. 
The jury, by clear and convincing evidence, affirmatively found that (1) Harrison was 
mentally ill; (2) as a result of his illness, Harrison was likely to cause harm to himself or
others, or will, if not treated, continue to suffer severe and abnormal mental emotional, or
physical distress, will continue to experience deterioration of his ability to function
independently, and was unable to make a rational and informed decision as to whether or not
to submit to treatment; and (3) Harrison's condition was expected to continue for more than
ninety days. See Act of April 29, 1991, 72nd Leg., R.S., ch. 76, § 1, 1991 Tex. Gen. Laws
515, 589 (amended 1995) (current version at Tex. Health & Safety Code Ann. § 574.035
(Vernon Supp. 2007)). After dismissing the jury, the trial court heard additional evidence
and then decided to extend Harrison's inpatient mental health treatment for another year.

 Throughout Harrison's argument on appeal, he assumes that the trial court should
have applied the current version of sections 574.035-.036 to his case. We note that the
question submitted to the jury, about which Harrison complains, tracks the statutory language
of the version of subsection 574.035(a)(2) in effect at the time of Harrison's 1994 offense. 
See id. Although the current version of section 574.035 requires findings that differ between
committing patients for inpatient or outpatient services, the version of the statute applicable
to Harrison did not. Compare id., and Tex. Health & Safety Code Ann. § 574.035(a),(b)
(Vernon Supp. 2007). Thus, the trial court properly charged the jury concerning the
necessary findings to authorize further treatment pursuant to the applicable statute. 

 In issue one, Harrison also complains that because the trial court worded "Jury
Question 2" in the disjunctive, he cannot determine which of the criteria the jury answered
affirmatively. He further complains that the judgment does not specify which of the criteria
formed the basis of the jury's decision.

 Former subsection (b) of section 574.035 of the Mental Health Code states: "The jury
or judge must specify which criterion listed in Subsection (a)(2) forms the basis for the
decision." Act of April 29, 1991, 72nd Leg., R.S., ch. 76, § 1, 1991 Tex. Gen. Laws 515,
589 (amended 1995). However, Harrison did not object to the jury charge during the charge
conference and failed to submit a substantially correct submission of the charge. See Tex.
R. Civ. P. 272-274, 278, 279. To justify Harrison's recommitment, only one statutory
criterion must be met under former section 574.035(a)(2). While the statute requires the fact
finder to specify the criteria, Harrison failed to preserve this issue for review by not objecting
to the charge or not submitting a substantially correct issue to the jury. As a result, he waived
the error, if any. See Tex. R. App. P. 33.1(a). Accordingly, we overrule Harrison's first
issue. 

 In his second issue, Harrison contends the trial court denied his demand for a jury on
issues that would determine whether he received inpatient or outpatient treatment. This
argument is likewise premised on Harrison's assumption that the current version of the
Mental Health Code applies to his 2008 recommitment hearing. 

 But, as we have previously held, the version of the Mental Health Code that applies
to Harrison's recommitment hearings is based on his 1994 offense, and under that version,
the jury was properly charged with making the necessary findings to extend his treatment. 
On the findings made by the jury in Harrison's case, the trial judge was then authorized to
dismiss the jury and hear additional evidence to determine whether to order inpatient care or
outpatient care. See Act of April 29, 1991, 72nd Leg., R.S., ch. 76, § 1, Sec. 574.036 (a)-(e),
1991 Tex. Gen. Laws 515, 590 (amended 1997) (current version at Tex. Health & Safety
Code Ann. § 574.036 (Vernon 2003)). Based on the evidence, the trial court renewed its
order extending Harrison's mental health services "on an inpatient basis." See id.

 The record reflects that the trial court followed the express language of the statute. 
See id. Harrison received a jury trial on the issues delegated to it by the applicable version
of the Mental Health Code, and the trial court did not err when it dismissed the jury. Finding
no error in the procedure followed by the trial court, we overrule Harrison's second issue. 
Having overruled both of Harrison's appellate issues, we affirm the trial court's judgment.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on April 29, 2008

Opinion Delivered June 26, 2008

Before Gaultney, Kreger, and Horton, JJ.
1. See Act of May 25, 1983, 68th Leg., R.S., ch. 454, § 4, 1983 Tex. Gen. Laws 2640,
2641-47 (repealed 2005) (current version at Tex. Code Crim. Proc. Ann. art. 46C.261
(Vernon 2006)). In 2005, the Texas Legislature repealed article 46.03 and amended the Code
of Criminal Procedure to add "Chapter 46C. Insanity Defense." The 2005 amendment states
that it applies "only to an offense committed on or after the effective date of this Act. An
offense committed before the effective date of this Act is covered by the law in effect when
the offense was committed, and the former law is continued in effect for that purpose." Act
of May 27, 2005, 79th Leg., R.S., ch. 831, § 5, 2005 Tex. Gen. Laws 2841, 2853-54.
2. Title 7, Subtitle C of the Texas Health & Safety Code, consisting of sections 571.001
through 578.008 is the current Texas Mental Health Code. See Tex. Health & Safety
Code Ann. §§ 571.001-578.008 (Vernon 2003 & Vernon Supp. 2007). In this opinion, we
refer to the Mental Health Code when discussing a provision from Title 7, Subtitle C, rather
than the Health & Safety Code.