**Reversed and Rendered and Opinion Filed July 30, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00043-CV

### IN THE MATTER OF L.A.T.

### On Appeal from the 401st Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 401-82467-03

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Appellant was tried for capital murder and acquitted by reason of insanity. Thereafter, the trial court ordered that appellant be placed in a maximum security mental health facility where she stayed for approximately two years until, at the request of the state hospital's superintendent, appellant was released into an outpatient treatment program. Each year thereafter, pursuant to section 574.066 of the Texas Health and Safety Code, the State filed a motion to renew appellant's outpatient treatment.

In 2013, the trial court modified appellant's level of outpatient supervision by reducing her level of treatment from an intensive level of care to contact with her psychiatrist, Dr. John Bennett, once every six weeks and contact with a caseworker once a month. In 2014, the State filed a motion to renew the trial court's 2013 outpatient treatment order. At the hearing on the motion, Bennett was the sole witness. Bennett testified that appellant has schizoaffective disorder but she is now asymptomatic. He testified that ten to fifteen percent of those diagnosed

with this disorder go into remission and no longer need treatment. Bennett testified that he anticipated appellant would be a part of the ten to fifteen percent. According to Bennett, appellant has not been on medication since 2008 and she has not experienced any deterioration in her condition since that time. She is also able to function independently. Furthermore, Bennett testified that appellant is not a danger to herself or others and she no longer meets the criteria for inpatient or outpatient treatment. However, when asked if he could guarantee that appellant would not relapse, Bennett stated that he could not. After considering this and other evidence, the trial court granted the State's motion to renew appellant's outpatient treatment. Appellant now appeals, contending the evidence is legally insufficient to support the order renewing her outpatient treatment.

The offense with which appellant was charged occurred before September 1, 2005. Accordingly, former article 46.03 of the Texas Code of Criminal Procedure provides the procedure by which hearings seeking to continue appellant's outpatient treatment must be conducted. Specifically, former article 46.03 requires that recommitment hearings be conducted pursuant to the Texas Mental Health Code.[1] *See* Act of May 25, 1983, 68th Leg., R.S., ch. 454, § 3, sec. 4(d)(5), 1983 Tex. Gen. Laws 2640, 2644–46, *repealed by* Act of May 27, 2005, 79th Leg., R.S., ch. 831, § 1, 2005 Tex. Gen. Laws 2841, 2841; *see also House v. State*, 222 S.W.3d 497, 507 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Under the mental health code, the State must prove by clear and convincing evidence that (1) the proposed patient is mentally ill; (2) the mental illness is severe and persistent; (3) as a result, the proposed patient will suffer severe and abnormal emotional, physical, or mental distress if not treated; and (4) the proposed patient will continue to experience deterioration in her ability to function independently to the

---

[1]The requirements for renewal of inpatient and outpatient treatment changed for all offenses committed after September 1, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 831, § 5, 2005 Tex. Gen. Laws 2841, 2853–54 (current version at Tex. Code Crim. Proc. art. 46C.261 (West Supp. 2014)) (court shall renew order if party who requested renewal establishes by clear and convincing evidence that mandatory supervision and treatment are appropriate).

extent she will be unable to live safely in the community without court-ordered outpatient treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.035(b) (West Supp. 2014). The evidence is clear and convincing only if the State shows that appellant committed a recent overt act or a continuing pattern of behavior that demonstrates the patient's distress, deterioration of ability to function independently to the extent that the proposed patient will be unable to live safely in the community, and inability to participate in outpatient treatment effectively or voluntarily. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.035(f).

Here, the State concedes the evidence before the trial court is legally insufficient to support the order granting the State's motion to renew appellant's outpatient treatment. After reviewing the evidence, we agree that there is no evidence to support the order. Bennett testified that appellant has schizoaffective disorder, but his testimony that appellant is asymptomatic counters the contention that her mental illness is severe and persistent. Also, Bennett testified that appellant functions independently, perfectly complies with treatment, and has not deteriorated in her condition, which is also evidence contrary to the requirements under the mental health code. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.035(b)–(f).

Although the State concedes the evidence is legally insufficient, it asks the Court to reverse and remand this case to the trial court for further proceedings. In support of its argument to remand, the State relies on several cases, each of which remands based on a procedural or trial error. *See State v. Roland*, 973 S.W.2d 665, 666–67 (Tex. 1998) (untimely hearing); *Harrison v. State*, 239 S.W.3d 368, 374 (Tex. App.—Beaumont 2007, no pet.) (denial of right to jury trial); *Campbell v. State*, 118 S.W.3d 788, 804–05 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (improper jury question).

The State also relies on former article 46.03, section 4(d)(5) of the Texas Code of Criminal Procedure in arguing that remand is the appropriate disposition of this case. In

particular, it contends that former article 46.03 provides that appellant "may only be discharged by order of the committing court." *See* Act of May 25, 1983, 68th Leg., R.S., ch. 454, § 3, sec. 4(d)(5), 1983 Tex. Gen. Laws 2640, 2644–46 (repealed 2005); *Harrison*, 239 S.W.3d at 374. However, in making this argument the State fails to address rule 43.3 of the rules of appellate procedure, which generally requires this Court to render the judgment the trial court should have rendered. TEX. R. APP. P. 43.3; *see also In the Interest of J.F.C.*, 96 S.W.3d 256, 259 (Tex. 2002) (rendition of judgment generally required if evidence is legally insufficient); *State ex rel. D.L.S.*, 446 S.W.3d 506, 520 (Tex. App.—El Paso 2014, no pet.) (reversal and rendition proper remedy where issue sustained on legal sufficiency grounds). Because this Court has authority to render the judgment the trial court should have rendered, remand is unnecessary. *See In re D.F.R.*, 945 S.W.2d 210, 215 (Tex. App.—San Antonio 1997, no pet.) (reversing and rendering because no evidence was presented during hearing and as a result acquitee was not afforded "mandatory statutory safeguards"); *Khateeb v. State*, 712 S.W.2d 881, 885 (Tex. App.—Houston [1st Dist.] 1986, no writ) (reversing and rendering because State did not show by clear and convincing evidence that acquitee met involuntary commitment or court-ordered mental health services criteria).

Accordingly, we sustain appellant's issue. We reverse the trial court's order renewing outpatient supervision and treatment. We render judgment that appellant be released effective immediately from any court-ordered mental health services.


150043F.P05


/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE


–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF L.A.T.

No. 05-15-00043-CV

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-82467-03.
Opinion delivered by Chief Justice Wright, Justices Lang-Miers and Stoddart participating.

In accordance with this Court's opinion of this date, the order of the trial court renewing outpatient supervision and treatment is **REVERSED** and judgment is **RENDERED** that appellant Lisa Ann Trevino be released effective immediately from any court-ordered mental health services.

Judgment entered July 30, 2015.